UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHAHADAH SAINPAULIN,

                         Plaintiff,

       v.

FINGER LAKES DDSO, NEW YORK STATE
DEPARTMENT OF LABOR, NEW YORK
STATE DEPARTMENT OF LABOR PUBLIC
EMPLOYEE AND HEALTH BUREAU,
and CIVIL SERVICE EMPLOYEE
ASSOCIATION, INC.,

                    Defendants.

_____

**DECISION AND ORDER**

6:23-CV-06731 EAW

## INTRODUCTION

*Pro se* plaintiff Shahadah Sainpaulin ("Plaintiff") commenced an employment discrimination and retaliation action against defendants the New York State Office for People with Developmental Disabilities at Finger Lakes Developmental Disabilities Services Office ("Finger Lakes"), the New York State Department of Labor ("Department of Labor"), the New York State Department of Labor Public Employee Safety and Health Bureau ("PESH") (collectively "State Defendants), and the Civil Service Employee Association, Inc. ("CSEA").  (Dkt. 1).

Pending before the Court are motions to dismiss filed by CSEA (Dkt. 7) and State Defendants (Dkt. 13).  For the reasons set forth below, the motions are granted.

## BACKGROUND

The instant facts are taken from Plaintiff's complaint and the attached exhibits. (Dkt. 1; Dkt. 12).  As required at this stage of the proceedings, Plaintiff's well-pleaded factual allegations are taken as true.

Plaintiff was employed at Finger Lakes from 2018 until 2021.  (Dkt. 1 at 7).  At some point during the performance of her job duties, she contracted COVID, after which she filed a claim for workman's compensation that was ultimately denied.  (*Id.* at 7, 15). She was then out of work due to a mental disability.  (*Id.* at 7).  Finger Lakes "did not grant [her] a reasonable accommodation and terminated [her]" after she filed a complaint with the Occupational Safety and Health Administration, the Equal Employment Opportunity Commission ("EEOC"), and PESH.  (*Id.*; *see id.* at 16; *see* Dkt. 12 at 31).  CSEA "refused to respond to [Plaintiff's] complaint and refused to file [her] grievance" against Finger Lakes.  (Dkt. 1 at 7; *see* Dkt. 12 at 23-30).  When Plaintiff applied for a job elsewhere and required a background check, Finger Lakes refused to acknowledge her as a former employee.  (Dkt. 1 at 7, 16).

Finger Lakes also "interfere[ed] with [Plaintiff's] ongoing employment and unemployment[,]" (*id.* at 4), causing the Department of Labor to "lock[] up [her] unemployment on every claim filed" and "falsif[y] documents stating [she] worked for a disability agency in Bronx, NYC" (*id.* at 7, 12; Dkt. 12 at 19).  Although she began working for Ontario Bus, Inc. in 2022, a document from the Department of Labor stated that she was no longer employed by the company (Dkt. 1 at 7), which contracts with the county and state and "moved [her] from [her] assignment without lining up another work assignment

abruptly" (*id.* at 8).  In a training with the company in August 2023, she was told that "if the contractors (county+state) want you gone, you're gone."  (*Id.*).

Plaintiff was issued a final determination and right to sue letter from the EEOC, which informed her that if she elected to sue, she was required to file her claim within 90 days.  (*Id.* at 5, 13).  The letter was signed by the EEOC on May 5, 2023 (*id.* at 13) and postmarked on September 26, 2023 (*id.* at 9).

On December 26, 2023, Plaintiff filed a complaint for employment discrimination and retaliation under the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117.  (*Id.* at 2-3).  Plaintiff alleges that she was discriminated against based on her disability and that Finger Lakes terminated her employment, failed to accommodate her disability, retaliated against her, and interfered with her ongoing employment and unemployment.  (*Id.* at 4).  Plaintiff seeks money damages and "to be restored [in] all los[s]es."  (*Id.* at 5).

On March 5, 2025, CSEA filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), alleging that Plaintiff failed to exhaust her administrative remedies as against CSEA, Plaintiff's claims are time-barred, and the complaint fails to state plausible claims upon which relief may be granted.  (Dkt. 7).  Plaintiff filed a memorandum in opposition.  (Dkt. 16).

On March 27, 2025, State Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), alleging that Plaintiff's claims are barred by sovereign immunity, untimely, and fail to state a claim.  (Dkt. 13).  Plaintiff filed response papers, (Dkt. 18), and State Defendants replied (Dkt. 19).

## DISCUSSION

### I.    Legal Standards

#### A.  Rule 12(b)(1)

"Subject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits." *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (citation modified).  "A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it. . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l,* 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.,* 752 F.3d 239, 243 (2d Cir. 2014) ("In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."); *cf. Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (when a Rule 12(b)(1) motion is fact-based, evidence beyond the pleadings may be considered).

### B. Rule 12(b)(6)

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). While the Court is "obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings

submitted *pro se* must satisfy the plausibility standard set forth in *Iqbal* and *Twombly*, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally.").

## II.    <u>State Defendants' Motion to Dismiss</u>

State Defendants argue that sovereign immunity bars the assertion of ADA employment discrimination and retaliation claims against New York State agencies. (Dkt. 13 at 5-7). Plaintiff's opposition papers do not address this argument.

"Absent a waiver on the part of the state, or a valid congressional override, the eleventh amendment prohibits federal courts from entertaining suits by private parties against the states." *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)). "State sovereign immunity not only extends to the state itself, but to state agencies that constitute 'arms of the State.'" *Barry v. City Univ. of N.Y.*, 700 F. Supp. 2d 447, 452 (S.D.N.Y. 2010) (quoting *N. Ins. Co. of N.Y. v. Chatham Cnty., Ga.*, 547 U.S. 189, 193 (2006)). Sovereign immunity encompasses claims for monetary damages and retrospective injunctive relief. *Constantino-Gleason v. Unified Ct. Sys.*, No. 21-CV-6327 (JLS), 2023 WL 4052302, at *8 (W.D.N.Y. June 16, 2023).

The New York State Office for People with Developmental Disabilities is an arm of the state for purposes of sovereign immunity, *Barrett v. N.Y. State, Office for People with Developmental Disabilities*, No. 18-CV-1425JLS(Sr), 2022 WL 939790, at *3 (W.D.N.Y. Feb. 1, 2022) ("As a general rule, state governments and their agencies, such as the [New York State Office for People with Developmental Disabilities], may not be sued in federal court unless they have waived the sovereign immunity afforded them by the Eleventh

Amendment to the United States Constitution or there has been a valid abrogation of that immunity by Congress."), *report and recommendation adopted*, 2022 WL 928944 (W.D.N.Y. Mar. 29, 2022); *see Shipman v. N.Y. State Office of Persons with Developmental Disabilities*, No. 11 Civ. 2780(GBD)(FM), 2012 WL 1034903, at *2 (S.D.N.Y. Mar. 26, 2012); as is the Department of Labor and within it, PESH, *Samuels v. N.Y. Dep't of Labor*, No. 23-CV-8004 (LTS), 2023 WL 7305233, at *2 (S.D.N.Y. Nov. 6, 2023) (citing *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 225-26 (S.D.N.Y. 2010) ("[The Department of Labor] is an agency of the State of New York, which is an arm of the state entitled to invoke Eleventh Amendment immunity.") (further citation omitted)).

Here, Plaintiff's claim for employment discrimination lies in Title I of the ADA and is a claim for monetary damages. *See Mary Jo C. v. N.Y. State Ret. Sys.*, 707 F.3d 144, 169 (2d Cir. 2013) ("Title I of the ADA expressly deals with the subject of employment discrimination." (citation altered)). "[I]t is well-established that Congress has not validly abrogated the states' sovereign immunity for claims arising under Title I. Nor has New York waived its immunity." *Yerdon v. Poitras*, 120 F.4th 1150, 1153-54 (2d Cir. 2024) (citing *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (holding that suits to recover money damages for a state's failure to comply with Title I of the ADA are "barred by the Eleventh Amendment")). Accordingly, Plaintiff's claim against State Defendants for employment discrimination under Title I of the ADA is barred by the doctrine of sovereign immunity.

In addition, although Plaintiff's cause of action for retaliation is governed by Title V of the ADA, her claim is based on the exercise of a right arising from Title I—the right

to be free from employment discrimination. *See Yerdon*, 120 F.4th at 1154-55. And the Second Circuit has joined the Fifth, Sixth, Ninth, and Eleventh Circuits in finding that "Congress did not have the constitutional authority to abrogate the states' sovereign immunity for ADA retaliation claims, at least to the extent those claims are predicated on an alleged violation of Title I of the ADA." *See id.* (collecting cases) ("If the underlying provision—here, Title I—does not allow a plaintiff to assert a claim against the state, it logically follows that a Title V claim that is based on the exercise of a right arising only from Title I cannot be levied against the state." (quotation modified and citation omitted)). Thus, because Title V of the ADA does not abrogate states' sovereign immunity, and "New York State has not waived its sovereign immunity under Titles I or V of the ADA," *Penird v. Better*, No. 5:19-CV-1146 (MAD/TWD), 2021 WL 3077853, at *4 (N.D.N.Y. July 21, 2021) (citing *Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014)), Plaintiff is precluded from pursuing her ADA claims against State Defendants.

Although not acknowledged by any Defendant, the Court believes that a liberal reading of Plaintiff's complaint demonstrates that she also asserted a cause of action pursuant to the New York State Human Rights Law ("NYSHRL"). Plaintiff alleges that as a result of filing an EEOC complaint for disability discrimination, Finger Lakes "interfered with her ongoing . . . unemployment" causing her unemployment benefits to be "locked up . . . on every claim filed." (Dkt. 1 at 4, 7). Thus, affording Plaintiff leniency in the interpretation of her complaint as a *pro se* party, the Court finds that Plaintiff has alleged that Finger Lakes interfered with her unemployment benefits in retaliation for filing a discrimination claim, which, if proven, may amount to a violation of the NYSHRL. *See*

*Dent v. N.Y.C. Dep't of Edu.*, No. 22 CV 5357 (DG) (CLP), 2024 WL 3362211, at \*15 (E.D.N.Y. Mar. 1, 2024) ("New York Courts have long held that challenging unemployment benefits in retaliation for filing discrimination claims may violate the NYSHRL. . . .") (collecting cases).

Nonetheless, the law is clear that any claim under state law fares no better than Plaintiff's ADA claims for purposes of Eleventh Amendment immunity. *Biondolillo v. Livingston Corr. Facility*, No. 17-CV-6576-FPG, 2023 WL 2043827, at \*12 (W.D.N.Y. Feb. 16, 2023) ("[T]he district courts in this Circuit have repeatedly held that the New York Human Rights Law does not include a waiver of the State's sovereign immunity to suit in federal court.") (citation omitted); *Al-Shimary v. State Univ. of N.Y. at Binghamton*, No. 3:22-cv-1282 (TJM/ML), 2023 WL 7128861, at \*6 (N.D.N.Y. Oct. 30, 2023) ("New York has not waived its sovereign immunity from NYSHRL claims in federal court." (citation modified) (quoting *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 220 (N.D.N.Y. 2014))); *Popat v. Levy*, 328 F. Supp. 3d 106, 135 (W.D.N.Y. 2018) ("In addition, the State of New York has not waived its Eleventh Amendment immunity to suit in federal court for state common law torts." (citation modified) (quoting *Hayut v. State Univ. of N.Y.*, 127 F. Supp. 2d 333, 340 (N.D.N.Y. 2000)) (further citation omitted)); *Sunnen v. N.Y. State Dep't of Health*, No. 17-CV-1014 (VSB), 2018 WL 3611978, at \*4 (S.D.N.Y. July 27, 2018) ("In addition, the Eleventh Amendment bars state law tort claims . . . against states that have not consented or waived immunity."); *see also Hayes v. Condlin,* No. 22-CV-7295 (KMK), 2024 WL 776082, at \*4 (S.D.N.Y. Feb. 26, 2024) ("New York State has consented only to being sued

in the New York Court of Claims.") (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977)).

Accordingly, because the Court lacks subject matter jurisdiction over the claims asserted against State Defendants, State Defendants' motion to dismiss all claims asserted against them in the complaint is granted and the claims are dismissed without prejudice.[1]

## III.    CSEA's Motion to Dismiss

CSEA contends that Plaintiff's employment discrimination and retaliation claims must be dismissed against it because Plaintiff failed to exhaust her administrative remedies prior to filing suit, which is required under the ADA.  (Dkt. 7-4 at 5-6).  CSEA maintains that because Plaintiff's EEOC complaint was against State Defendants only and there is no clear identity of interest between CSEA and State Defendants, Plaintiff's failure to file an EEOC complaint against CSEA entitles CSEA to the dismissal of Plaintiff's claims.  (*Id.*).  Plaintiff responds that because she filed a complaint with the EEOC and obtained a right to sue letter, she fulfilled her obligation to exhaust her administrative remedies.  (Dkt. 16 at 2).

Title I of the ADA incorporates various provisions of Title VII of the Civil Rights Act of 1964, including 42 U.S.C. § 2000e–5 requiring a claimant to file a charge of employment discrimination naming the employer with the EEOC or authorized state agency.  *See* 42 U.S.C. § 12117(a).  However, the Second Circuit takes a "flexible stance in interpreting Title VII's procedural provisions, so as not to frustrate Title VII's remedial

---

[1]    A dismissal on subject matter jurisdiction grounds must be entered without prejudice.  *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017).

goals," and therefore it recognizes an exception to the general rule that a defendant must be named in an EEOC charge. *Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir. 1991) (citation modified). "This exception, termed the 'identity of interest' exception, permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Id.* (citations omitted).

A district court should consider four factors when determining whether there is an identity of interest between the unnamed defendant and the party named in the administrative charge:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 209-10 (citing *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir. 1977)). "This multi-factor test is not a mechanical one, and no single factor is dispositive." *Zustovich v. Harvard Maint., Inc.,* No. 08 Civ. 6856(HB), 2009 WL 735062, at *8 (S.D.N.Y. 2009). "Ultimately, it is the plaintiff who has the burden of proving that the identity of interest exception applies." *Senecal v. B.G Lenders Serv. LLC,* 976 F. Supp. 2d 199, 214 (N.D.N.Y. 2013) (citations omitted); *see, e.g., Sullivan v. City of N.Y.,* No. 08 Civ. 7294(LTS)(MHD), 2011 WL 1239755, at *2-3 (S.D.N.Y. Mar. 25, 2011), *aff'd,* 484 Fed. App'x. 628 (2d Cir.

2012) (dismissing plaintiff's ADA claims where there was no identity of interest between named defendants and defendants who should have been named); *Hunt v. Pritchard Indus., Inc.*, No. 07 Civ. 0747(AJP), 07 Civ. 1382(JSR)(AJP), 2007 WL 1933904, at *5-6 (S.D.N.Y. July 3, 2007) (recommending dismissal of plaintiff's Title VII and ADA claims against union where there was no identity of interest with named defendant).

The Second Circuit has found that the identity of interest exception does not apply between an employer and a labor union. In *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615 (2d Cir. 1999), the Second Circuit dismissed the plaintiff's claim against his union based on his failure to file an administrative charge against the union. *Id.* at 619. As in the present case, the plaintiff in *Vital* had named only his employer, and not the union, in his EEOC charge, and the EEOC letter issued to the plaintiff did not name the union. *Id.* The court explained that "[a] complainant must file a charge against a party with the EEOC or an authorized state agency before the complainant can sue that party in federal court under Title VII," and further concluded that there was no "identity of interest" between the employer and the union. *Id.* at 619-20. The Second Circuit has reaffirmed that principle on numerous occasions, *see, e.g., Peralta v. 32BJ SEIU*, No. 21-1638, 2022 WL 792164, at *2 (2d Cir. Mar. 16, 2022) (summary order); *Pajooh v. Dep't of Sanitation N.Y.C.*, 547 Fed. App'x 73, 74-75 (2d Cir. 2013) (summary order), as have district courts within the circuit, *see, e.g., Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 688-89 (S.D.N.Y. 2007) (dismissing claim against union where the plaintiff could not produce a right-to-sue letter as to the union, and explaining that although the plaintiff named the union as a party in the EEOC charge, the charge contained no allegations against the union and there was

also no clear identity of interest between the plaintiff's employer and the union); *Schaefer v. Erie Cnty. Dep't of Soc. Servs.*, 82 F. Supp. 2d 114, 116-17 (W.D.N.Y. 2000) (finding that identity of interest exception did not apply between CSEA and Erie County, as CSEA "is an entity completely separate and independent of Erie County[,]" and was prejudiced by absence from EEOC proceeding "since it has not been provided the opportunity to demonstrate its lack of involvement in any alleged discrimination").

The Court does not see a persuasive reason why it should find differently here. The Court agrees with CSEA that although Plaintiff filed an EEOC complaint and obtained a right to sue letter, the EEOC complaint was filed solely against Finger Lakes; as seen in the right to sue notice, the only party beyond Plaintiff who was notified of the result of the action was the New York State Office for People with Developmental Disabilities, the agency that Finger Lakes operates within. (Dkt. 1 at 13-14). Furthermore, although CSEA is a labor union for state employees, it is a separate entity from the state and, in furtherance of its role as a labor union, must operate independently of and with different interests than the state. In addition, by failing to name CSEA in the EEOC complaint, CSEA was deprived of its opportunity to demonstrate that it had no role in any alleged discrimination. Throughout email communications between Plaintiff and CSEA representatives, there is no evidence that any member conveyed to Plaintiff that she should file a complaint against Finger Lakes to pursue a claim against CSEA, and no evidence that CSEA was otherwise notified that Plaintiff sought to pursue an employment discrimination claim against the union; the subject of the email conversation was merely the grievance Plaintiff filed against Finger Lakes and CSEA's role in facilitating a grievance hearing. (Dkt. 12 at 23-20). As

- 13 -

such, although the Court recognizes that the identity of interest exception "has been applied most commonly in the context of pro se administrative complaints," *Cole v. Cent. Park Sys., Inc.*, No. 09-CV-3185(RRM)(CLP), 2010 WL 3747591, at *6 (E.D.N.Y. Sep. 20, 2010), Plaintiff has not met her burden of demonstrating that it is applicable here.  The claims against CSEA are hereby dismissed without prejudice.[2]  *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009) ("[A] dismissal for failure to exhaust available administrative remedies should be 'without prejudice. . . .'").

## IV.    <u>Leave to Amend</u>

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quotation modified); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (*Pro se* plaintiffs should be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim

---

[2]    Although not necessary to the resolution of the instant motions, the Court rejects Defendants' arguments that Plaintiff's action is time-barred because she did not file suit within 90 days of receiving the right to sue letter and therefore did not adhere to the requirements set forth in 42 U.S.C. § 12117(a).  (Dkt. 7-4 at 7; Dkt. 13-1 at 7).  Defendants rely on the fact that the right to sue letter was signed on May 5, 2023 (Dkt. 1 at 13), but Plaintiff submitted the envelope that the right to sue letter was delivered in which clearly reflects a postmark date of September 26, 2023 (*id.* at 9).  Plaintiff also submitted her communications with a member of the EEOC in which she raised the concern that the only date on the letter was May 5, 2023, and asked if she may rely on the postmark date instead. (*Id.* at 10).  Based on the assumption that "a mailed document is received three days after its mailing[,]" *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citations omitted), Plaintiff appears to have complied with the 90-day deadline.

might be stated.") (citation omitted).  However, leave to amend pleadings is properly denied where amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.") (citations omitted).

Here, even giving Plaintiff the benefit of every doubt and construing the allegations broadly in her favor, there is no rational basis to conclude that it would be appropriate to permit her another opportunity to assert a claim against Defendants.  Plaintiff's claims are barred by procedural hurdles that she has not met, and an amended complaint would not change that result.  Thus, the Court declines to grant Plaintiff an opportunity to attempt to amend her complaint.

**CONCLUSION**

For the foregoing reasons, the motions filed by State Defendants and CSEA (Dkt. 7; Dkt. 13) are granted.  The complaint against State Defendants is hereby dismissed without prejudice for lack of subject matter jurisdiction, and the complaint against CSEA is dismissed without prejudice for failure to exhaust administrative remedies.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Judge

Dated:  March 13, 2026
        Rochester, New York